IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **RUBEN DARIO ORTEGA and** | § | |
| **NANCY ORTEGA, individually and as** | § | |
| **next friend of A.O., a minor child,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | EP-11-CA-401-FM |
| | § | |
| **UNITED STATES OF AMERICA et** | § | |
| **al.,** | § | |
| | § | |
| Defendants, | § | |

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR EXTENSION OF TIME TO SERVE

On this day, the court considered the United States of America, Janet Napolitano, Michael Chertoff, Eric H. Holder, Jr., Michael Mukasey, Thomas Snow, Kevin A. Ohlson, John T. Morton, Richard T, Johnson, James T. Hayes, Jr., and Robert E. Jolicouer's ("Defendants") "Defendants' Motion to Dismiss" ("Motion to Dismiss") [ECF No. 25], filed March 6, 2012; Ruben Dario Ortega ("Ortega") and Nancy Ortega's, individually and as next friend of A.O., a minor child (collectively "Plainiffs") "Plaintiffs' Response to Defendants' Motion to Dismiss" ("Response") [ECF No. 27], filed March 19, 2012; and "Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss" ("Reply") [ECF No. 35], filed March 28, 2012. The court also considered "Plaintiffs' Motion for Additional Time to Serve Team Hotel I and Doe Defendants" ("Motion for Extension") [ECF No. 29], filed March 20, 2012; and "Defendants' Response to Plaintiffs' Motion for Additional Time to Serve Team Hotel I and Doe Defendants" ("Extension Response") [ECF No. 33], filed March 21, 2012. Defendants request the court to dismiss all of Plaintiffs' claims against them for lack of subject matter jurisdiction.

In their Motion for Extension, Plaintiffs request more time to serve additional defendants, whose identities they have not yet determined. For the reasons set forth below, the court will grant Defendants' Motion to Dismiss, and deny Plaintiffs' Motion for Extension.

## I.     BACKGROUND

### A.     *Procedural History*

In February 2011, Plaintiffs filed an administrative complaint with the U.S. Department of Homeland Security, seeking damages under the Federal Tort Claims Act ("FTCA") based on Ortega's arrest and deportation on May 28, 2008. Their administrative complaint was denied as time-barred in August, 2011. Plaintiffs filed their original complaint [ECF No. 1] in this court on September 28, 2011, bringing constitutional claims against various defendants as well as claims against the United States under the FTCA. After Defendants filed their Motion to Dismiss, Plaintiffs filed "Plaintiffs' First Amended Complaint" ("Amended Complaint") [ECF No. 28], conceding that the constitutional claims were time-barred, and dropping those claims.

Plaintiffs' Amended Complaint brings a false imprisonment claim, a negligence claim, an intentional infliction of emotional distress claim, and a fraud and fraudulent concealment claim, all against the United States of America under the FTCA. The parties agree that apart from the removal of constitutional claims under *Bivens*, the substance of Plaintiffs' Amended Complaint is indistinguishable from the original. The parties, thus, agree their arguments as to the FTCA claims in the Motion to Dismiss and related briefs continue to apply.

Although over 120 days have passed since Plaintiffs filed their original complaint, numerous individual defendants have not been served, and Plaintiffs represent that they have not yet been able to identify them. They further represent, however, that they expect the identities of

those defendants to be revealed in discovery.

     *B.*     *Factual Allegations*

Plaintiffs allege that on the morning of May 28, 2008, federal agents arrived at Ortega's house in El Paso, Texas, informed him that they had a warrant for his arrest and that he had been ordered to be deported, and took him into custody. They allege Ortega was not taken before a judge, and was deported to Juarez, Mexico, where he remained for eighteen months while his family stayed in El Paso.

Plaintiffs allege that although Ortega is not a U.S. citizen, no deportation order existed when he was arrested and deported in May of 2008. They allege that they first discovered that fact in September of 2009. They allege that his arrest and deportation are the result of his previous immigration activity, but they claim that the previous activity did not warrant his removal. Particularly, they allege that Ortega voluntarily departed the United States in 1986 pursuant to an order, and immediately reentered the country after gaining approval from the U.S. Consulate in Mexico. They further allege that he subsequently was approved for temporary resident status, and that his immigration file was administratively closed in 1997.

Plaintiffs allege that in immigration proceedings that followed Ortega's May 2008 arrest and deportation, U.S. government agents made a series of fraudulent representations regarding Ortega's status. They allege that those agents fraudulently represented that there was a valid deportation order in 2008 when in fact there was not, and that Ortega did not voluntarily depart in 1986 when in fact he did. Plaintiffs allege that until they were so informed in September 2009, they were unaware that no valid deportation order existed, and they allege Ortega was taking steps to lawfully reenter the United States both before and after that time. They allege that

during the course of Ortega's attempt to reenter the United States, Plaintiffs made a freedom of information request on the United States, pursuant to which Ortega's immigration file was produced in April 2009. They allege the file included Ortega's Mexican passport, which allegedly showed his visit to the U.S. Consulate in Mexico in 1986, and thus allegedly proved his voluntary departure at that time. Plaintiffs allege that Ortega has been allowed to return to the United States pursuant to a waiver request.

    C.    *Parties' Arguments*

Defendants argue that the court lacks subject matter jurisdiction over this case because all of Plaintiffs' FTCA claims are time-barred. They argue that those claims accrued on the day that Ortega was arrested and deported, and that Plaintiffs' administrative filing with the Department of Homeland Security in February 2011 was therefore outside of the FTCA's two-year statute of limitations. They further argue that the court may not equitably toll the limitations period, because the FTCA statute of limitations is jurisdictional, and may not be extended.

Although Plaintiffs raise the equitable tolling issue in their Amended Complaint, they do not address it in their Response brief. Rather, they argue that their claim accrued later than May 28, 2008, and that their administrative filing was timely. Specifically, they argue that pursuant to the discovery rule, their claim did not accrue until they knew or had reason to know that there was no valid deportation order for Ortega. They accordingly argue that the court should find that the claim accrued either when they were specifically informed that there was no such order, or when they received Ortega's Mexican passport pursuant to their freedom of information request, both of which events were within the limitations period.

## II.     APPLICABLE LAW

"[E]xcept as authorized by Congress, the federal government and its agencies are immune from suit."[1]  The FTCA waives that immunity, subject to various exceptions, for claims arising out of the

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[2]

Where the FTCA has not waived sovereign immunity, courts lack subject matter jurisdiction over claims against the United States.[3]

If a court lacks subject matter jurisdiction over a claim, it must dismiss the claim.[4]  There is a presumption against jurisdiction,[5] and "[t]he party asserting jurisdiction bears the burden of proof for a [Federal Rule of Civil Procedure] 12(b)(1) motion to dismiss."[6]  In the context of sovereign immunity, that party "bears the burden of showing Congress's unequivocal waiver of [it]."[7]  In reviewing a motion on the issue "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the

---

[1] *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251-52 (5th Cir. 2006) (en banc) (citing *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996)).

[2] 28 U.S.C. § 1346(b)(1).

[3] *See Supreme Beef Processors*, 468 F.3d at 252.

[4] *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

[5] *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010).

[6] *Sebelius*, 635 F.3d at 762 (citation omitted).

[7] *St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (internal citation omitted).

complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[8]  If the court does not resolve any disputed facts, it "consider[s] the allegations in the plaintiff's complaint as true" for the purposes of evaluating its jurisdiction.[9]

### III.  DISCUSSION

#### A.  Subject Matter Jurisdiction

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after . . . notice of final denial of the claim by the agency to which it was presented."[10]  An FTCA plaintiff must meet both requirements, and if he fails to do so, federal courts lack subject matter jurisdiction over the plaintiff's claim.[11]  Because the FTCA statute of limitations is jurisdictional, the limitations period may not be equitably tolled.[12]  Accordingly, Plaintiffs' claims must have accrued two years or less before they filed their administrative complaint in February 2011 for this court to have jurisdiction.

As both parties acknowledge, the discovery rule applies to an analysis of when an FTCA

---

[8] *Id.* (internal quotation marks and citation omitted).

[9] *Id.* (internal quotation marks and citation omitted).

[10] 28 U.S.C. § 2401(b).

[11] *In Re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011) (per curiam).

[12] *Id.* at 190-91.

claim accrues.[13] Under the discovery rule, "a claim accrues when a plaintiff knows both her injury and its cause."[14] The Supreme Court draws a careful distinction between the time at which a potential plaintiff becomes aware of her injury and its cause, and when she becomes aware of the legal significance of those things.[15] Indeed, the time at which an injured party first suspects that a potential defendant has breached a legal duty is irrelevant to the limitations period.[16] Rather, when a potential plaintiff knows "that he has been hurt and who has inflicted the injury," he can then investigate whether he has been legally wronged, if that fact is not already apparent.[17] Thus, the claim accrues at that time.[18]

Plaintiffs' arguments mistakenly conflate the question of when they knew or should have known that Defendants' actions were wrongful with when they knew the cause of Ortega's injuries. As the Supreme Court has made clear, those are different issues, and only the latter is relevant to claim accrual. All of Plaintiffs' FTCA claims stem from Ortega's May 28, 2008 arrest and deportation, and there is no question that Plaintiffs were aware both of his injury and its cause on that date. "Ordinarily, a statute of limitations begins to run at the moment a plaintiff's legally protected interest is invaded. This injury usually coincides with the tortious

---

[13] *Id.* at 190.

[14] *Id.* (citing *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006)).

[15] *See United States v. Kubrick*, 444 U.S. 111, 123 (1979) (holding that a claim does not accrue when plaintiff has become aware "that his injury was negligently inflicted," but rather when the injury manifests itself).

[16] *See id.* at 124.

[17] *See id.* at 122.

[18] *Id.*

act."[19]  This is exactly such an ordinary case, and the discovery rule does not compel a different result than the general rule requires.

Ortiz's injuries were not latent.  Instead, they coincided exactly with the allegedly tortious activity.  Also, the cause of those injuries was unambiguous.  Although Plaintiffs mistakenly argue that only the ultimate or underlying cause is important to the determination of accrual, they also acknowledge the obvious—that the federal agents' actions were proximate causes of Ortiz's injuries.[20]  Because Plaintiffs were aware that Ortiz had been injured and who inflicted the injury as of May 28, 2008, their claims accrued on that date.[21]  As of that date, Plaintiffs were sufficiently appraised of the critical facts of the case such that they could investigate their legal rights.  In fact they did so.  By their own admission, they learned in September of 2009—several months before the close of the limitations period—that there was no deportation order.  Thus, they could have timely filed an administrative complaint within the limitations period, but they did not.

The case law Plaintiffs cite in their Response does not alter the analysis.  They rely in large part on *Ramming v. United States*,[22] a case that addressed the accrual of a prosecutorial misconduct claim under the FTCA.[23]  Equating Ortega's arrest and deportation to the beginning stages of a criminal prosecution, Plaintiffs argue that *Ramming* stands for the proposition that a

---

[19] *Dubose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1028-29 (5th Cir. 1984).

[20] *See* Resp., at 12.

[21] *See Kubrick*, 444 U.S. at 122.

[22] 281 F.3d 158 (5th Cir. 2001).

[23] *Id.* at 159.

claim accrues not when legal proceedings against a plaintiff are initiated, but when a plaintiff discovers the wrongful conduct.[24] That is not an accurate characterization of the holding in *Ramming*, however. In that case, the Fifth Circuit held that the claim accrued upon the plaintiff's acquittal in the underlying proceeding—not later, as the plaintiff had argued—partly based on the established principle that "[b]efore a malicious prosecution claim can accrue, the underlying criminal proceeding must terminate in the plaintiff's favor."[25] Further, contrary to Plaintiffs' understanding of its holding, the *Ramming* court expressly disavowed the notion that a claim accrues when the plaintiff knows that he has been legally wronged.[26] Accordingly, *Ramming* does not support Plaintiffs' arguments.

Although all of their claims are premised on the events of May 28, 2008, one claim is based on alleged conduct that continued after that date. Particularly, Plaintiffs allege that Defendants' fraudulent acts occurred "[b]etween May 28, 2008 and approximately September of 2009."[27] Accordingly, an argument could be made that the fraud and fraudulent concealment claim is not time-barred because some of the fraudulent conduct occurred within the limitations period. Neither party addresses that issue, however, and such an argument would be unavailing in any event.

On this point, *In Re FEMA Trailer* is instructive. In that case, the Fifth Circuit

---

[24] *See* Resp., at 11 ("The court held that Ramming's claims accrued . . . when he found out about the prosecutorial misconduct[,] not when he was indicted or arrested.").

[25] *Ramming*, 281 F.3d at 162 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).

[26] *Id.* at 163 (recognizing that a plaintiff "need not have knowledge of fault in the legal sense for the statute [of limitations] to begin to run") (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)).

[27] Am. Compl., at 10.

considered whether the continuing tort doctrine applies to FTCA claims.[28]  "Under the continuing tort doctrine, the cause of action is not complete and does not accrue until the tortious acts have ceased."[29]  The *In Re FEMA Trailer* court withheld judgment on whether the doctrine could ever apply to an FTCA claim, but determined that it was incompatible with the facts of that case because the plaintiff knew of the injury before the tortious activity ended.[30]

Taking the allegations in Plaintiffs' Amended Complaint as true, such is the case here as well.  The fraud claim is premised on allegedly false representations that there was an outstanding deportation order, which representations began at the time of the Ortega's arrest.  Because, as explained above, Plaintiffs became abundantly aware of Ortega's injury on May 28, 2008 and had enough facts about the injury's cause to investigate their legal rights, they could have subsequently discovered there was no deportation order and representations to the contrary were therefore false.  Thus, just as the continuing tort doctrine did not extend the limitations period for the plaintiff in *In Re FEMA Trailer* because that plaintiff knew the cause of the injury before the tortious activity ceased, the doctrine is inapplicable to Plaintiffs' fraud claim here for the same reason, and that claim accrued on May 28, 2008.

The court finds that all of Plaintiffs' FTCA claims are barred by the statute of limitations.  Accordingly, the court lacks subject matter jurisdiction over those claims, and they must be dismissed with prejudice.

---

[28] *In Re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 191 (5th Cir. 2011) (per curiam).

[29] *Id.* (internal quotation marks and citation omitted).

[30] *See id.*

B.     *Additional Time for Service of Process*

The court also finds that it would be futile to allow Plaintiffs additional time to serve the unnamed defendants in this case. In their short Motion for Extension, Plaintiffs argue they will likely be able to determine the identities of the as-yet-unserved defendants during the course of discovery, and thus maintain that an extension is warranted. As Defendants point out in their Extension Response, however, Plaintiffs only bring FTCA claims in their Amended Complaint. Tort claims against federal employees "acting within the scope of [their] office or employment at the time of the incident out of which the claim arose" are to be exclusively pursued against the United States, as opposed to the employees in their individual capacities, pursuant to the FTCA.[31] Plaintiffs allege in their Amended Complaint that the defendants sued individually, including those they seek an extension of time to serve, "were acting in the course and scope" of their federal employment at the time of the alleged torts.[32] Thus, the United States is the only proper party to those tort claims, allowing an extension of time to serve other individual defendants would be useless, and Plaintiffs' motion will be denied accordingly.[33]

## IV.   <u>CONCLUSION AND ORDERS</u>

"Defendants' Motion to Dismiss" [ECF No. 25] is **GRANTED** and Plaintiffs' Motion for Additional Time to Serve Team Hotel I and Doe Defendants" [ECF No. 29] is **DENIED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

---

[31] 28 U.S.C. § 2679(d)(1).

[32] *See* Am. Compl., at 2.

[33] *See Williams v. United States*, 71 F.3d 502, 504 (5th Cir. 1995).

All pending motions are **DENIED** as **MOOT**.  The Clerk of the Court is instructed to **CLOSE** this case.

    **SO ORDERED.**

    **SIGNED** this **24th** day of **May**, **2012**.

                                                  _____
                                                  **FRANK MONTALVO**
                                                  **UNITED STATES DISTRICT JUDGE**